Thomas Ray WOODS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–85–01186–CR.

Court of Appeals of Texas,
Dallas.

Sept. 22, 1986.

Robert O. Beckless, Dallas, for appellant.

Patricia Poppoff, for appellee.

Before HOWELL, McCLUNG and HOLLINGSWORTH, JJ.

HOWELL, Justice.

Thomas Ray Woods appeals his conviction of aggravated robbery on the grounds that the trial court admitted illegally seized evidence and that he was denied the right to counsel at a critical stage of the proceedings against him. Finding both contentions wholly without merit, we affirm the judgment of the trial court.

Appellant was convicted for committing a robbery at knifepoint outside a convenience store in the early morning of July 3, 1985. He first complains that the trial court erred when it allowed the State to introduce into evidence a knife that matched the complainant's description of the weapon used in the robbery. Police officers obtained this evidence during a pat-down search of appellant's outer garments conducted in connection with an investigatory stop. Appellant argues that this search was illegal because the police had neither a warrant nor probable cause to stop and search him.

Appellant raises this particular contention for the first time on appeal. Although he objected to the admission of the knife at trial, he did not object that it was obtained illegally. Thus, he has failed to preserve this complaint for appellate review. *Hendricks v. State,* 640 S.W.2d 932, 937 (Tex.Crim.App.1982). Furthermore,

the trial court would have been correct in overruling this objection had it been raised.

■ Circumstances which do not constitute probable cause may justify a brief detention for further investigation if the officer knows of specific, articulable facts which, in light of his experience and knowledge, reasonably justify intruding on the freedom of the person detained. *Terry v. Ohio*, 392 U.S. 1, 26–27, 88 S.Ct. 1868, 1882–83, 20 L.Ed.2d 889 (1968); *see also*, *Adams v. Williams*, 407 U.S. 143, 144, 92 S.Ct. 1921, 1922, 32 L.Ed.2d 612 (1972). In the course of this detention, if the officer has reason to fear for his own safety or that of others, he may conduct a limited search of the detained person's outer clothing to insure that the person is unarmed. *See Terry*, 392 U.S. at 29, 88 S.Ct. at 1884.

■ The arresting officer testified that he was summoned to the convenience store at which the robbery had occurred only two days earlier upon a report that the robbery suspect was present. When he arrived at the store, the clerk identified appellant as the suspect. The officer asked appellant to step outside and to identify himself. While his partner talked with appellant, the officer contacted the investigating officer by radio and learned that the robber had brandished a knife with a hook-shaped blade during the incident. He and his partner conducted a pat-down "for safety" and discovered the knife. We hold that these facts amply justify this search and, therefore, that the results of that search were not protected by the exclusionary rule. *Cf. Brem v. State*, 571 S.W.2d 314, 318–19 (Tex.Crim.App.1978) (allowing admission of evidence seized in pat-down search of the accused who matched description of suspect known to be armed).

■ Appellant next urges that we must reverse his conviction because he was not provided with legal counsel during a "post-indictment" line-up. The record does not support this claim. Appellant was not indicted until August, whereas the line-up occurred on July 5. Because appellant had not yet been formally charged or arraigned

for this offense, he was not entitled to the presence of an attorney at the line-up. *Walker v. State*, 588 S.W.2d 920, 925 (Tex. Crim.App.1979). Both grounds of error are overruled and appellant's conviction is affirmed.